UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JIANFANG QI,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, Immediate Custodian; PATRICK DIVVER, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Director, U.S. Immigration and Customs Enforcement ("ICE"); MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security ("DHS"); TODD BLANCHE, Attorney General of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No.: 3:26-cv-05803-LEK-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE**

Before this Court is Jianfang Qi's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause ("Petition"), filed on October 10, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Warden, Imperial Regional Detention Facility, Immediate Custodian; Patrick Divver, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); Todd Lyons, Director, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); Todd Blanche,

Attorney General of the United States; DHS; and ICE (collectively "Respondents"), filed a response to the Petition ("Response") on October 21, 2026. [Dkt. no. 4.] On October 22, 2026, Petitioner filed a traverse ("Traverse"). [Dkt. no. 5.]

Petitioner, a national of China, entered the United States on December 26, 2024. See Petition at ¶¶ 7,15. He claims that he has been detained continuously by immigration authorities since he entered the United States. See id. at ¶ 1. As of the filing of the Petition, Petitioner was detained at the Imperial Regional Detention Facility in Calexico, California. See id. at ¶ 2. Petitioner alleges he is entitled to, *inter alia*, an individualized bond hearing with certain procedural safeguards. See id. at pgs. 8-9.

Respondents contend that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)." [Response at 1 (citation omitted).] Respondents, however, "acknowledge[] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention." [Id.] In light of those rulings and the amount of time that Petitioner has been detained, Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." [Id. at 1-2 (citations omitted).]

Petitioner's request for an individualized bond hearing is granted. This Court also makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638

F.3d 1196 (9th Cir. 2011),[1]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to the Court for appropriate sanctions.

## CONCLUSION

For the foregoing reasons, Petitioner Jianfang Qi's Petition for Writ of Habeas Corpus and Order to Show Cause, filed October 10, 2026, is GRANTED. Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order **within seven days of the filing of this Order**.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 13, 2026** unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

---

[1] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao v. LaRose, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025).

DATED AT HONOLULU, HAWAII, October 30, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**JIANFANG QI V. WARDEN, IMPERIAL REGIONAL DETENTION FACILITY ET AL., CASE NO. 3:26-CV-05803-LEK-MMP; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE**