UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JIANFANG QI,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, Immediate Custodian; PATRICK DIVVER, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Director, U.S. Immigration and Customs Enforcement ("ICE"); MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security ("DHS"); TODD BLANCHE, Attorney General of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No.: 3:26-cv-05803-LEK-MMP

**ORDER DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER AND DENYING AS MOOT PETITIONER'S EX PARTE REQUEST FOR CLARIFICATION REGARDING NEW BOND HEARING**

Petitioner Jianfang Qi ("Petitioner") filed a Petition for Writ of Habeas Corpus and Order to Show Cause ("Petition") on October 10, 2026. [Dkt. no. 1.] On October 30, 2026, this Court issued an order ("10/30 Order") directing the respondents, identified in the Petition as Warden, Imperial Regional Detention Facility, Immediate Custodian; Patrick Divver, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); Todd Lyons, Director, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S.

Department of Homeland Security ("DHS"); Todd Blanche, Attorney General of the United States; DHS; and ICE (collectively "Respondents"), to provide Petitioner with an individualized bond hearing, consistent with the terms of the 10/30 Order. See dkt. no. 6 at 3.

On November 4, 2026, Petitioner filed a status report ("11/4 Status Report"). [Dkt. no. 7.] The 11/4 Status Report contends that "Respondents engineered a sham hearing with no notice and no due process in order to continue to deny Mr. Qi any opportunity for release from detention." [Id. at 3.] This Court issued an order on November 5, 2026 ("11/5 Order") directing Respondents to file a response to the 11/4 Status Report by November 10, 2026. [Dkt. no. 8.]

On November 10, 2026, Petitioner filed his Ex Parte Request for Clarification Regarding New Bond Hearing ("11/10 Request"). [Dkt. no. 9.] Therein, Petitioner asserts that Respondents intend to hold a new bond hearing on November 10, 2026 at 3:00 p.m. [11/10 Request at 2.] This Court, however, did not direct Respondents to provide Petitioner with a new bond hearing. See generally 11/5 Order. Accordingly, Petitioner requests that this Court determine "whether this new bond hearing is authorized and whether Counsel and Petitioner are required to participate in this new bond hearing?" [11/10 Request at 3.] Less than an hour after the 11/10 Request was filed, and pursuant to the 11/5 Order, Respondents filed their response to the 11/4 Status Report. [Dkt. no. 10.] Respondents state that they "do[] not oppose an order from this Court directing that Petitioner be released from custody, subject to reasonable conditions of supervision at the government's discretion." [Id.]

This Court ORDERS that Respondents immediately release Petitioner Jianfang Qi from custody, subject to supervision under the standard conditions authorized by Title 8 United States Code Section 1231(a)(3). In addition, Respondents are ORDERED not to remove Petitioner to a third country without notice and a reasonable opportunity for Petitioner to be heard on his proposed removal to that country. This Court

also ORDERS that, prior to any re-detention of Petitioner, Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

In light of this Court ordering Respondents to immediately release Petitioner, the Ex Parte Request for Clarification Regarding New Bond Hearing, filed November 10, 2026, is DENIED AS MOOT.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 17, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 10, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**JIANFANG QI V. WARDEN, IMPERIAL REGIONAL DETENTION FACILITY ET AL., CASE NO. 3:26-CV-05803-LEK-MMP; ORDER DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER AND DENYING AS MOOT PETITIONER'S EX PARTE REQUEST FOR CLARIFICATION REGARDING NEW BOND HEARING**